## L. D. WILSON ET AL. *v.* G. C. EVERETT ET AL.

[Abstract Kentucky Law Reporter, Vol. 2—227.]

**Sheriff Failing to Levy Distress Warrant.**

When the sureties on a rent bond sue the sheriff for failing to levy a distress warrant upon all the property which was subject thereto, there can be no recovery when it is shown by the sheriff that other executions had been levied against the debtor, and the plaintiffs, who were also sureties on such other debts, had received the benefits of said property not included in such distress warrant. Such plaintiffs were not damaged by the sheriff's failure to levy on all available property where they received the benefits from such omitted property under other executions.

### APPEAL FROM MONTGOMERY CIRCUIT COURT.

February 12, 1881.

OPINION BY JUDGE HINES:

This is an action by appellees, who were sureties on a rent bond of P. M. Everett, against appellants, as sureties of the sheriff for failing to levy a distress warrant upon all the property of P. M. Everett which was subject thereto, and for failing to subject all the property upon which the distress warrant was levied. Appellees proceed upon the theory that they have been damaged by the failure of the sheriff to discharge the duties for which appellants were sureties.

The evidence tends to show that there was property upon the rented premises belonging to P. M. Everett which was not levied on by the sheriff to satisfy the rent claim; but it also shows that the greater part of the property not embraced by the levy and return on the distress warrant was covered by executions previously levied, and that it was appropriated under such levy to the payment of claims against P. M. Everett, for which one or the other of the appellees was bound as surety. As appellees united and sued

jointly to recover against appellants for injuries suffered by them on account of alleged dereliction on the part of the sheriff, it is immaterial whether one or both received the benefit of the property not covered by the distress warrant as levied. In case either or both of them received the proceeds of the property not covered by the distress warrant, and to the extent they or either of them received such proceeds, the amount thus received should go to reduce the sum, if any, which they would otherwise be authorized to recover.

It is immaterial whether the claimant's bond executed by Hart or the distress warrant was returned by the sheriff to the proper office, unless it can be shown that such failure resulted in damage to appellees; and, as we have substantially stated, it is immaterial whether the property covered by the executions was previously subject to the rent, provided the proceeds were applied to the use or benefit of appellees or of either of them. As the view of the law here suggested was not presented to the jury, it follows that the instructions are erroneous, and for that reason the cause should be reversed.

It being necessary to reverse for the reasons mentioned, it is deemed unnecessary to notice in detail the assignments of error, as the court below will doubtless permit such amendments by either party as will fairly and fully present to the jury the merits of the controversy.

Judgment *reversed* and cause remanded for further proceedings.

*R. Reid, H. L. Stone, for appellants.*

*Leslie O'Rear, for appellees.*